**UNITED STATES, Appellant,**

v.

**Gerald J. JONES, 410 02 4317, Seaman (E–3) U.S. Navy, Appellee.**

**Misc. Dkt. No. 85–15.**

U.S. Navy-Marine Corps Court of Military Review.

Decided 31 Oct. 1985.

CAPT F.F. KRIDER, USMC, Appellate Government Counsel.

MAJ MICHAEL E. CANODE, USMC, Appellate Defense Counsel.

LT GERALDINE H. CASEY, JAGC, USNR, Appellate Defense Counsel.

MITCHELL, Judge:

Pursuant to Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 and Rule for Court-Martial (R.C.M.) 908(b), the Government has filed an appeal requesting this Court to reverse the ruling of the general court-martial military judge below which dismissed the desertion charges because Seaman Jones had not been brought to trial within the 120-day period specified by R.C.M. 707(a).[1] The Government asserts that the military judge erred as a matter of law in determining that a period of time expended by the appellant's command in obtaining a medical examination, not requested under the aegis of R.C.M. 706,[2] was not excludable under R.C.M. 707(c)(1)(A), that only mental examinations under R.C.M. 706 qualify for exemption and that in order for the period to be excludable in any case actual delay in the trial must result from the mental examination. The ruling of the military judge is reversed. The stipulated chronology is as follows:

| DATE | EVENT |
| --- | --- |
| 21 March 1985 | Accused apprehended by DeSoto County Sheriff's Department, Hernando, MS. |
| 25 March 1985 | Accused returned to military control at NACU Norfolk, Virginia, after being confined by civilian authorities during the period 21–25 March 1985. |
| 29 March–11 April 1985 | Accused in restricted status on board TRENTON. |
| 04 April 1985 | Accused informed of Charges. |
| 11 April–29 May 1985 | USS TRENTON deployed; accused on board. |
| 19 April 1985 | Accused informed of preferred charges and of pending Article 32 Investigation. |
| 20 May 1985 | Investigating officer (Art. 32, UCMJ) appointed. |
| 15 June 1985 | Appointment requested for psychiatric evaluation of accused by USS TRENTON. |
| 17 June 1985 | Trial counsel memo to defense counsel re TC prepared for trial. Asks response from DC in 3 days. |
| 21 June 1985 | Accused undergoes psychiatric evaluation. |
| 25 June 1985 | Trial counsel receives copy of psychiatric evaluation report from defense counsel. |
| 27 June 1985 | New Article 32, UCMJ, investigating officer appointed due to retirement of original investigating officer. |

---

1. Rule 707. Speedy trial. (a) *In general.* The accused shall be brought to trial within 120 days after notice to the accused of preferral of charges under R.C.M. 308 or the imposition of restraint under R.C.M. 304, whichever is earlier.

2. R.C.M. 706 covers procedures for medical board inquiry into the mental capacity or mental responsibility of the accused in connection with court-martial.

| DATE | EVENT |
|------|-------|
| 12 July 1985 | Article 32 hearing completed. |
| 15 July 1985 | Investigating officer's recommendations submitted. |
| 26 July 1985 | Charges referred; accused served with copy of charges. |
| 02 August 1985 | Trial counsel announces ready to proceed to trial; case docketed for 05 August 1985 at request of defense counsel. |

The military judge entered findings as follows:

That the USS TRENTON deployed on several occasions between April and July 1985;

I further find that the inception date of the government's accountability for speedy trial is 30 March 1985, as a result of the imposition of pretrial restraint on 29 March 1985;

That there's no evidence before the court to indicate the psychiatric examination of the accused resulted in any delay in the proceedings and that therefore, the time involved is not excludable from the government's accountability;

That the operating schedule of the USS TRENTON did not constitute unusual operating requirements or military exigencies;

That the period from 2 August to 5 August is solely attributable to the defense request for delay; and

Accordingly there was a period of 126 days delay in bringing the accused to trial for which the government is solely accountable.

As a result of the ruling, the defense motion is granted.

Following the military judge's initial ruling to dismiss the charge, he reconsidered his ruling and stated the following additional finding.

The government indicated a preparedness to proceed to the Article 32 Investigation on the 17th of June 1985, however, I can find no evidence that—there is no evidence to indicate to the court that the delay from the 17th of June to the 12th of July, when the Article 32 Investigation was apparently held and completed, was as a result of any action on the part of the defense, nor was it as a result of the psychiatric evaluation that was conducted on the 21st of June 1985.

■ It is evident from the record that the military judge's ruling placed critical impact on when the trial counsel was, in fact, prepared for trial and whether trial counsel exercised diligence in moving to trial once he was prepared. This fixation misperceives that character of R.C.M. 707. R.C.M. 707 establishes a 120-day rule in order to assure that an accused will be afforded a speedy trial while at the same time providing for significant flexibility, by way of exemption of certain time periods from accountability under the Rule, to permit the Government to deal with the vicissitudes of prosecution and of the events of military life. The Rule was intended to be more flexible than the old case law. Appendix 21, R.C.M. 707(c) at A21–37, *Manual for Courts-Martial, 1984* (MCM, 1984). In computing the processing days for which the Government is accountable the appropriate number of days are not counted if they are consumed as the result of a qualifying circumstance. If the Government is accountable for more than the magic number of 120 days, the case must be dismissed. The exemptions manifestly are not "but for" in concept. It is not necessary for the Government to prove that but for the event it would necessarily have gone to trial sooner. It is fair to conclude, however, that the fixation of the military judge on trial counsel diligence and preparedness for trial reveals the erroneous view that the exemptions set forth in R.C.M. 707(c) are "but for" in character. Relevant

to this case is the exemption for mental examination.[3]

■ The psychiatric examination was requested by the command on 15 June 1985, while the ship was at sea. The requesting medical officer of the USS TRENTON disclosed no factual basis for the request other than asking for a "pretrial psychiatric evaluation." No magic legal citations to the MCM, 1984 appear on the document. The psychiatric report, executed on 21 June 1985, refers to alcohol and polydrug abuse in varying states of remission, as well as a need for counselling. While the precise predicate for the examination is not revealed in the record with certitude, such an examination was conducted and the appellant was found fit for duty, able to understand his legal situation and fully responsible for his actions.

Nothing in R.C.M. 707 stipulates that the only exemption-qualifying mental examination is one conducted under the aegis of R.C.M. 706, assuming the instant examination was not conducted under those auspices. Since the mental examination was conducted, the days required to conduct it do not count on the 120-day clock. The period 15 June-21 June 1985 is patently excludable. There was compliance with R.C.M. 707(a). It is immaterial that the mental examination was not shown to have actually delayed trial. *See* Appendix 21, R.C.M. 707(c) at A21–37, MCM, 1984; 18 U.S.C. § 3161(h); Commentary to American Bar Association Standards, Speedy Trial (1978), Standard 12–2.3 at 12.26. *See also United States v. Stafford*, 697 F.2d 1368, 1371 (11th Cir.1983); *United States v. Cobb*, 697 F.2d 38, 41–42 (2d Cir.1982), relying heavily on the legislative history of 18 U.S.C. § 3161(h).

In deciding this case, it is not necessary to address the question of whether the two deployments of the appellant's ship were exigent circumstances within the meaning of R.C.M. 707(c)(8).

In view of the foregoing, the ruling of the military judge is reversed. The case is remanded to the trial court for proceedings not inconsistent with the foregoing.

Senior Judge COUGHLIN and Judge DECARLO concur.

---

**3.** R.C.M. 706(c) provides in pertinent part, *Exclusions.* The following periods shall be excluded when determining whether the period in subsection (a) of this rule has run

(1) Any periods of delay resulting from other proceedings in this case, including:

  (A) Any examination into the mental capacity or responsibility of the accused.