**UNITED STATES, Appellee,**

v.

**Captain Andrew L. ARRUZA, 056–32–5107, United States Army, Appellant.**

**CM 445358.**

U.S. Army Court of Military Review.

27 Nov. 1985.

For Appellant: Homer A. Walkup, Esquire (argued); Colonel William G. Eckhardt, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, Captain Carolyn F. Washington, JAGC (on brief).

For Appellee: Captain Robert L. Swann, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC (on brief).

Before MARDEN, WATKINS, and LYMBURNER, Appellate Military Judges.

OPINION OF THE COURT

WATKINS, Judge:

Appellant, a divorced officer with approximately fourteen years of active-duty service and assigned as a military chaplain in Europe, contrary to his pleas, was convicted by a general court-martial with members of taking indecent liberties with the body of a female under the age of sixteen years (two specifications) in viola-

ance with the law), *pet. denied,* 21 M.J. 27 (C.M.A.1985).

tion of Article 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 934 (1982).[1] The sentence, to dismissal from the service, confinement at hard labor for five years, and forfeiture of $2000.00 per month for sixty months, was adjudged on 2 November 1983. In conjunction with initial review of this case, the convening authority approved the findings of guilty and the sentence on 9 February 1984. Allied papers associated with the record of trial indicate that the appellant was released on parole on or about 21 December 1984 pursuant to action by the Army Clemency Board.

Before this Court, the appellant alleges (1) a denial of due process resulting from the failure of his battalion commander and accuser to properly investigate the allegations; (2) a confrontational violation resulting from the admission into evidence at trial of the substitute (Article 32, UCMJ, 10 U.S.C.A. § 832) testimony of the six-year-old alleged victim;[2] (3) an abridgement of Article 50, UCMJ[3] mandating sentence relief; (4) prejudice resulting from the expert testimony of Dr. Vanderwalle, a child psychiatrist who treated the alleged victim; (5) prejudice stemming from the rebuttal testimony of Mrs. Ogilvy-Lee, Army Community Services Director of the Mainz Military Community; and (6) an insufficiency of the evidence to establish the two offenses in issue beyond a reasonable doubt. In addition, the appellant raises certain ancillary issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We find no error and affirm.

We have determined from a review of the entire record that the first, third, fifth, and sixth assignments of error are nonmeritorious and do not warrant further discussion.

■ Concerning the admission into evidence at trial of the prior testimony of the alleged victim, Heidi C., we find (1) that she took the stand in open court and provided several pages of foundational-type testimony;[4] (2) that she became emotionally distraught during her testimony and, notwithstanding extensive efforts by the trial counsel and the military judge to encourage her to testify fully regarding the charged offenses, was psychologically unable to do so; (3) that the trial judge's determination of unavailability was factually sound and legally correct; (4) that the transcript of her pretrial testimony was for all intents and purposes verbatim;[5] and (5) that, in spite of an oral averment by the detailed defense counsel to the contrary, the prior testimony was in fact obtained under circumstances and in a manner reflecting both an opportunity and similar motive to develop that evidence. Accordingly, we conclude that the substitute testimony was properly admitted, that it was buttressed by sufficient indicia of reliability, and that there was no resulting abridgement of the right of confrontation. *See* Mil.R.Evid. 804(a)(2) and 804(b)(1); *United States v. Connor*, 19 M.J. 631 (N.M.C.M.R. 1984); *United States v. Hubbard*, 18 M.J. 678 (A.C.M.R.), *pet. granted*, 19 M.J. 216 (C.M.A.1984); *United States v. Kelly*, 15 M.J. 1024 (A.C.M.R.), *pet. denied*, 17 M.J.

---

1. The appellant was arraigned and tried on charges of rape and sodomy, both of a female under the age of sixteen years, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 925 (1982), respectively.

2. Unlike some of the cases cited in this opinion, this case involves an alleged victim who was not an adult but rather a child of tender years whose knowledge, understanding, and perceptiveness of sexual matters and ability to recall and testify with respect thereto were only partially developed.

3. Article 50, UCMJ, 10 U.S.C. § 850 (1982) relates to the admissibility of records of courts of inquiry.

4. During this testimony, the court members were afforded an opportunity, albeit a limited one, to observe the actions and demeanor of the alleged victim and to evaluate her worthiness of belief.

5. *See generally United States v. Lashley*, 14 M.J. 7 (C.M.A.1982); *United States v. Griffin*, 17 M.J. 698 (A.C.M.R.1983). We are unpersuaded that recorded responses such as "um-hum" do not in fact accurately and completely reflect the muted verbal utterances of the youthful witness.

22 (C.M.A.1983); *Ohio v. Roberts,* 448 U.S. 56, 73, 100 S.Ct. 2531, 2542, 65 L.Ed.2d 597 (1980); *California v. Green,* 399 U.S. 149, 165–66, 90 S.Ct. 1930, 1938–39, 26 L.Ed.2d 489 (1970); *Mattox v. United States,* 156 U.S. 237, 240–44, 15 S.Ct. 337, 338–40, 39 L.Ed. 409 (1895); *United States v. Johnpoll,* 739 F.2d 702, 710 (2d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984), *reh'g denied,* — U.S. —, 105 S.Ct. 982, 83 L.Ed.2d 983 (1985); *United States v. Pizarro,* 717 F.2d 336, 349 (7th Cir.1983); *United States v. King,* 713 F.2d 627, 630 (11th Cir.1983); *cf. United States v. Barror,* 20 M.J. 501 (A.F.C.M.R. 1985) (admission, under residual hearsay exception, of out-of-court statement by 14-year-old male alleged victim of sodomy offense did not violate confrontation clause of Sixth Amendment where circumstantial guarantees of trustworthiness present); *United States v. Henderson,* 18 M.J. 745 (A.F.C.M.R.), *pet. denied,* 19 M.J. 243 (C.M.A.1984) (admission under residual hearsay exception of out-of-court statement by female teen-aged alleged victim of sexual misconduct not violative of confrontation clause of Sixth Amendment where circumstantial guarantees of trustworthiness present).

Appellant's other principal assignment of error relates to the expert testimony of Dr. Vanderwalle, a child psychiatrist assigned to the 97th General Hospital in Frankfurt, who provided treatment to Heidi C. in the nature of remedial psychotherapy over a four-month period. We read Dr. Vanderwalle's testimony as being particularly relevant, insightful, and balanced. The record also reflects that he was a cautious and circumspect witness who was reluctant to extend his testimony to matters relating directly to Heidi's credibility or an ultimate issue in the case. Such testimony, even by an expert witness,[6] can result in prejudicial error. *United States v. Cameron,* 21 M.J. 59 (C.M.A.1985) (in light of weakness of government's case against accused on charge of carnal knowledge of his adopted 12-year-old daughter, testimony on direct examination by social worker for Army Community Services to the effect that alleged victim's account of the incident was believed to be truthful constituted prejudicial error).

In the present case, the evidence of record indicates that the defense opened the door and, as a practical matter, adduced and developed the credibility and ultimate-issue testimony now alleged to have been improperly admitted. To illustrate, on cross-examination Dr. Vanderwalle was invited to testify (1) in the terminology of "sexual molestation" (R. 379); (2) as to Heidi's credibility and, more specifically, regarding her ability to "fabricate a story" (R. 386); (3) concerning the witness's personal beliefs with respect to Heidi's allegations against the appellant as reflected in the transcript of the Article 32 proceedings (R. 394); and (4) regarding the witness's personal opinion as to the accuracy of Heidi's report of an earlier sexual incident involving two young boys (R. 398). Under these circumstances, it is apparent that any error relating to the breadth of Dr. Vanderwalle's testimony was defense induced and therefore constitutes an inappropriate predicate for appellate relief. *See United States v. Moore,* 15 M.J. 354 (C.M.A.1983) (Cook, J. with Fletcher, J. concurring in the result) (in rape prosecution where alleged victim was 18-year-old civilian female and only contested issue was that of consent, expert testimony on merits held relevant and admissible);[7] *State v. Myers,* 359 N.W.2d 604 (Minn.1984) (it is within the trial court's discretion to admit qualified expert testimony describing the psychologi-

---

6. Section VII of the Military Rules of Evidence contemplates comprehensive and far-reaching testimony by those judicially recognized as expert witnesses. Such testimony may even extend to an ultimate issue to be decided by the triers of fact. Mil.R.Evid. 704.

7. The lead opinion in *United States v. Moore* also makes the point that, if an alleged rape victim is incapable of understanding the act of sexual intercourse or of consenting to it, expert testimony as to her incapacity would be relevant to establish her disability and its consequences on her will to resist. *United States v. Moore,* 15 M.J. at 362.

cal and emotional characteristics typically observed in sexually abused children and those observed in the 7-year-old complainant and giving other background data providing a relevant insight into the conduct and demeanor of the child complainant which the jury could not otherwise bring to its evaluation of credibility;[8] defendant opened the door to opinion testimony regarding the truthfulness of child's allegations); *cf. United States v. Snipes*, 18 M.J. 172 (C.M.A.1984) (in a trial by general court-martial where accused was charged with sodomy and indecent acts with his teen-aged adopted daughter, the military judge did not abuse his discretion in permitting government rebuttal witnesses to testify as there exists a sufficient body of knowledge as to the typical behavior of sexually abused children and their families to permit certain conclusions to be drawn by experts as to such behavior patterns); *United States v. Tomlinson*, 20 M.J. 897 (A.C.M.R.1985) (in rape prosecution where alleged victim was female, active-duty Staff Sergeant, social worker's rebuttal testimony concerning whether that non-commissioned officer was suffering post-traumatic stress disorder which was consistent with rape trauma syndrome should have been excluded under Mil.R.Evid. 403); *People v. Bledsoe*, 36 Cal.3d 236, 203 Cal. Rptr. 450, 681 P.2d 291 (1984) (expert testimony that 14-year-old alleged rape victim suffered from rape trauma syndrome not

admissible to show that rape in fact occurred but may be admitted for other purposes; the error did not affect the judgment); *People v. Roscoe*, 168 Cal.App.3d 1093, 215 Cal.Rptr. 45 (1985) (although psychologist's testimony to the effect that 15-year-old complainant was molested was erroneously admitted, expert testimony may properly be admitted for some purposes and error was nonprejudicial). In any event, residual prejudice to appellant's substantial rights cannot reasonably be determined to have resulted from Dr. Vanderwalle's testimony, in light of the balance of the competent evidence on the merits.

Finally, we have analyzed sua sponte the findings of guilty to ascertain if the two indecent liberties specifications are multiplicious for any purpose and have determined from the evidence of record that they are not.

Perceiving no basis for findings or sentence relief, we hereby affirm the findings of guilty and the sentence.

Senior Judge MARDEN and Judge LYM-BURNER concur.

---

**8.** Consistent with the analysis and posture of what appears to be a growing number of courts concerning this issue, the Supreme Court of Minnesota explained the pertinent evidentiary dilemma, as follows:

> In the case of a sexually abused child consent is irrelevant and jurors are often faced with determining the veracity of a young child who tells of a course of conduct carried on over an ill-defined time frame and who appears an

uncertain and ambivalent accuser and who may even recant. Background data providing a relevant insight into the puzzling aspects of the child's conduct and demeanor which the jury could not otherwise bring to its evaluation of her credibility is helpful and appropriate in cases of sexual abuse of children, and particularly of children as young as this complainant. (Citations omitted.)

*State v. Myers*, 359 N.W.2d at 610.