**UNITED STATES, Appellee,**

v.

**Sergeant Kevil ARNOLD, 244–19–9145, United States Army, Appellant.**

**ACMR 8702417.**

U.S. Army Court of Military Review.

29 Aug. 1988.

For Appellant: Captain Donald G. Curry, Jr., JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Margaret A. Schuyler, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before COKER, GILLEY, and KENNETT Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of using amphetamines, distributing amphetamines on four occasions, and possessing amphetamines with the intent to distribute them, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. IV 1986). His sentence to a dishonorable discharge, confinement for twenty years, total forfeitures, and reduction to the grade of Private E1 was approved by the convening authority.

■ In view of the disposition of this case by the court, only two issues will be discussed: sufficiency of the evidence to support a finding of guilty to Specification 4 of the Charge, and the challenge for cause against Colonel (COL) K. As to Specification 4, we find the evidence insufficient to support a finding of guilt beyond a reasonable doubt that appellant distributed amphetamines in November 1986. There was evidence that appellant distributed 10 grams of amphetamines to Private (PVT) Knake "on or about October 1986" and that appellant purchased amphetamines in close proximity to the end-of-month payday of October 1986. The only evidence that appellant distributed amphetamines in November 1986 is the ambiguous statement of PVT Trail. He testified that he was present when appellant distributed amphetamines to PVT Knake. He further testified, "That was the first time, and then another time was, I was in another private's room in the barracks, where they called me in there and there was some amphetamines in there, I assumed they were Sergeant Arnold's, and I done speed with them then." There is no evidence regarding when this second incident occurred or the ownership of the amphetamines used. Only by assuming that the second incident took place after the end-of-month purchase and that the drugs used were part of that purchase can the appellant be found guilty of this specification. Such assumptions do not constitute evidence sufficient for a rational factfinder to find beyond a reasonable doubt that the offense occurred or that appellant committed it. *Cf. United States v. Hart*, 25 M.J. 143 (C.M.A.1987).

During *voir dire* of the members, COL K, president of the court, revealed that his son had used marijuana in his senior year of high school and during his first year of college. Appellant did not challenge COL K for cause and exercised his peremptory challenge against another officer. After opening statements by both counsel, COL K disclosed that he recognized the name of a witness, Private Bass, from a prior case in which he sat as president of the court. A thorough *voir dire* of COL K was conducted and the substance of his concern was expressed as follows:

I evaluated her testimony in the previous case.... I remember the testimony of that witness, and I do know what was said, and I do know the conclusions I arrived [at] from part of her testimony. I hope that I can be equally as fair.... I don't remember all of the witnesses that appeared that day. I do know and I think there was some mention that she was convicted of drug abuse or use, that she was, I think, was serving a sentence at the time that she testified. I still remember her and her testimony on the stand. That all went into helping me make my decision as a jury or a panel member.... I found her testimony to be credible at the time.... I don't know what she has to say today. I have to weigh her words before I will believe or not believe. I found her testimony credible in the previous case.... [T]here were numerous witnesses.... And her name stood out. I remember it. And part of her testimony helped me arrive at my decision.

He further opined that he could put her prior testimony out of his mind, would not give her testimony any greater weight than any other witness, and would gauge her testimony properly. It was established that the prior case was not related to appellant's case. The military judge denied appellant's challenge for cause. After Private Bass testified for the government, the military judge held an out-of-court hearing and questioned COL K on his ability to evaluate her testimony solely upon her in-court testimony. COL K's response was:

I've divorced that other testimony ... from what I've heard today and the notes I've made.... I don't think I have any problem at this point.

A challenge for cause by appellant was again denied.

The government's case against appellant was based on the testimony of four witnesses, each of whom had been previously convicted by court-martial for drug abuse offenses. Each was an accomplice in the

offenses charged against appellant, but apparently none of the offenses of which they had been found guilty involved appellant. Appellant testified on his own behalf and denied any wrongdoing. Only testimonial evidence was presented and the results, therefore, were based solely on the credibility of the witnesses.

■ Court-martial members must be persons whose impartiality is not reasonably open to question. "A member shall be excused for cause whenever if *appears* that the member ... [s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." Manual for Courts–Martial, United States, 1984; Rule for Court–Martial 912(f)(1)(N) (emphasis added); *United States v. Glenn,* 25 M.J. 278, 279 (C.M.A.1987). This court and the Court of Military Appeals have urged consistently that liberality be exercised in ruling on challenges for cause. *See, e.g., United States v. Glenn,* 25 M.J. at 279; *United States v. Reynolds,* 23 M.J. 292, 294 (C.M.A.1987); *United States v. Smart,* 21 M.J. 15, 20–21 (C.M.A.1985); *United States v. Moyar,* 24 M.J. 635, 638–39 (A.C.M.R.1987). Once a potential cause for challenge arises, it is important for both counsel and the military judge to clarify the issue. Such examination, however, should not be an exercise solely in rehabilitation. If a basis for a challenge for cause is established, or if there is any doubt as to the member's impartiality, the challenge must be granted. In the case before the court, there was serious doubt regarding COL K's ability to remain impartial. The fact that the witness had appeared before COL K in a prior case is not sufficient in itself to sustain a challenge for cause.[1] It is apparent from COL K's testimony, however, that he considered Private Bass a credible witness. Where the issue of guilt is decided solely on the credibility of witnesses, the question of fairness arises. The fact that this case involved witnesses who were also accomplices increased the

---

1. To impose such a restriction would virtually prohibit repeated use in different trials of witnesses such as police officers and commanders.

importance of credibility and the appearance of unfairness as the testimony of an accomplice is inherently suspect. *United States v. Lee*, 6 M.J. 96 (C.M.A.1978). That there was a reasonable possibility of doubt as to COL K's impartiality was demonstrated in the military judge's questioning of the member subsequent to Private Bass' testimony.

Based on the facts of this case and applicable judicial policy, we are not satisfied that these proceedings were free from substantial doubt as to legality, fairness, and impartiality. We conclude that the denial of the challenge for cause of COL K was an abuse of discretion by the military judge.

The findings of guilty and the sentence are set aside. Specification 4 of the Charge is dismissed. A rehearing on the charge and remaining specifications may be ordered by the same or a different convening authority.

Judge GILLEY and Judge KENNETT concur.