**UNITED STATES**

**v.**

**Leon Ernest Roland GILES, 155 50 3746, Mess Management Specialist Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 82 1767.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 4 Dec. 1984.

Decided 30 July 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LT David O. Vollenweider, III, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, Chief Judge, and GLADIS and CASSEL, JJ.

GLADIS, Judge:

This case is before us for the third time. After we affirmed the findings and sentence, the Court of Military Appeals, 16 M.J. 418, reversed our decision as to sentence. On remand we returned the record to the convening authority for a rehearing on sentence or reassessment of the sentence. A rehearing on sentence was held. Among other things the accused now contends that he was denied a speedy trial because the rehearing on sentence was held 291 days after the convening authority was notified of the final decision authorizing the rehearing. We disagree and affirm.

■■■ An accused is entitled to a speedy rehearing. See United States v. Flint, 1 M.J. 428 (C.M.A.1976). We reject, however, the accused's contention that R.C.M. 707(a) which requires that an accused be brought to trial within 120 days after notice to him of preferral of charges or imposition of restraint is applicable to rehearings on sentence. The plain language of this rule clearly demonstrates that it is inapplicable to rehearings on sentence because it provides that an accused is brought to trial within the meaning of this rule when a plea of guilty is entered to an offense or presentation to the fact-finder of evidence on the merits begins. If the rule were applicable to this case, however, the accused would not be entitled to relief because less than 120 days elapsed between the notification to the accused of the rehearing and the date of the rehearing.

■■■ The accused also contends that even if R.C.M. 707(a) is inapplicable, United States v. Burton, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), requires dismissal of the charge. His reliance upon the second prong of Burton which requires close examination of the Government's diligence in cases in which a confined accused demands a speedy trial is misplaced because the accused was not confined. See United States v. Johnson, 1 M.J. 101, 106 (C.M.A. 1975). If the second prong of Burton were applicable, however, the accused would not be entitled to relief because close scrutiny reveals that the delay after his demand was abundantly justified.

When the Burton and 120-day rules are inapplicable the standard for determining whether an accused has been denied a speedy trial is whether the Government proceeded with reasonable diligence and without deliberate oppression of the accused. See United States v. Amundson, 23 U.S.C.M.A. 308, 312, 49 C.M.R. 598, 602 (1975). This entails a functional analysis of all the facts, including the length of the delay, the reasons for the delay, any demand for speedy trial, and any specific prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Hagler, 7 M.J. 944, 947 (N.C.M.R.1979). Using this test we find that the accused was not denied a speedy trial. Most of the 291-day delay complained of by the accused occurred when he was on appellate leave before he was notified of the rehearing. He suffered no prejudice during this period. When he returned from appellate leave the Government proceeded with reasonable diligence and without deliberate oppression to hold the rehearing. Thus the accused cannot complain that he was denied a speedy trial.

The remaining assignments of error also lack merit.

Accordingly, the findings of guilty are reaffirmed. The sentence is affirmed.

Chief Judge GORMLEY and Judge CASSEL concur.