**UNITED STATES, Appellee,**

v.

**Private First Class Christopher O. McFARLIN, 259–35–2264, United States Army, Appellant.**

**SPCM 21544.**

U.S. Army Court of Military Review.

30 April 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC (argued); Captain Stephen W. Bross, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Captain Cynthia N. Brandon, JAGC (argued); Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC (on brief).

Before DeFORD, WILLIAMS, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

KENNETT, Judge:

On 10 May 1985, appellant was convicted, contrary to his pleas, by a military judge sitting as a special court-martial of wrongful appropriation of a stereo cassette deck (Charge) and wrongful appropriation of an automobile (Additional Charge). The military judge sentenced appellant to a bad-conduct discharge, confinement for 76 days, forfeiture of $400.00 pay per month for two months, and reduction to the grade of Private E-1. The convening authority disapproved the findings of guilty of the Additional Charge and its Specification and dismissed the Additional Charge. The convening authority then approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for 60 days, forfeiture of $400.00 pay per month for one month, and reduction to the grade of E-1. On 26 February 1986, this court set aside the findings of guilty and the sentence, and authorized a rehearing by the same or a different convening authority, but specified that the military judge who sat for the original trial would not be detailed to sit for the rehearing. *United States v. McFarlin*, SPCM 21544 (A.C.M.R. 26 Feb 1986) (unpub.).

Appellant was retried on 11 July 1986 by a court composed of officer members, and was convicted, contrary to his pleas, of wrongful appropriation of a stereo cassette deck in violation of Article 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. sec. 921 (1982). The adjudged sentence of a bad-conduct discharge and reduction to the grade of E-1 was approved by the convening authority.

Appellant contends he was denied a speedy trial because his rehearing did not take place within the 120-day speedy trial limitation of Manual for Courts-Martial, United States, 1984 [hereinafter M.C.M., 1984], Rule for Courts-Martial [hereinafter R.C.M.] 707(a). Appellant requests dismissal of the charge, citing R.C.M. 707(e).

At the time of his original trial, appellant was assigned to the 21st Chemical Company, 82d Airborne Division, Fort Bragg, North Carolina. Approximately one and one-half months after trial, appellant was reassigned to the "U.S. Army Personnel Control Facility Detachment," Fort Bragg, North Carolina, a unit subject to the general courts-martial jurisdiction of XVIII Airborne Corps, Fort Bragg, North Carolina. Following this court's 26 February 1986 decision authorizing a rehearing, the clerk of this court sent a letter, dated 10 March 1986, to the Commander, XVIII Airborne Corps, advising that commander/convening authority of the court's decision. The letter authorized transfer of the case to another general courts-martial convening authority by agreement with that convening authority. The letter included this final paragraph: "You are reminded that an accused's right to a speedy trial applies to rehearings as well as to initial trials. *See United States v. Flint*, 1 M.J. 428 (C.M.A. 1976)." Appellant and the government agree that this letter was received on 12 March 1986 by the Commander, XVIII Air-

borne Corps. At · some unknown time thereafter, the Acting Commander, 82d Airborne Division, sent an undated letter [1] to the Commander, XVIII Airborne Corps, requesting appellant's case be transferred to the 82d Airborne Division for the rehearing. By letter dated 21 April 1986, the Acting Commander, XVIII Airborne Corps, forwarded appellant's case to the 82d Airborne Division "for disposition deemed appropriate" in view of this court's decision. On 7 May 1986, the 82d Airborne Division published a special court-martial order directing a rehearing in appellant's case. Both sides agree appellant returned to a duty status on 11 May 1986 from a status of excess leave pending appellate review.[2] On 12 May 1986, XVIII Airborne Corps published an order attaching appellant, who was still assigned to the "U.S. Army Personnel Control Facility," Fort Bragg, to the 21st Chemical Company, 82d Airborne Division, for the "administration of military justice," with the effective date of the attachment being 14 May 1986. On 16 May 1986, a Charge and Specification alleging

theft of the stereo cassette deck were "preferred" against appellant, and he was "informed" of the Charge on that same date. On 6 June 1986, the Charge was referred for trial, and trial was held on 11 July 1986. Appellant was not subjected to pretrial restraint between 11 May 1986 and 11 July 1986.

Both parties agree that *121 days* elapsed between 12 March 1986, the date the Commander, XVIII Airborne Corps, was notified of this court's decision authorizing a rehearing, and 11 July 1986, the date of the rehearing [3] (counting the day of trial but not the date of notification).[4] There is no evidence in the record of any defense delay under R.C.M. 707(c), and the government conceded during argument that no such delay existed.[5] The government also conceded during argument that the 120–day speedy trial provision of R.C.M. 707(a) applies to this case.

R.C.M. 810(a)(1) provides that "[i]n rehearings which require findings on all charges and specifications referred to a

1. As this letter bears the office symbol of the Office of the Staff Judge Advocate, 82d Airborne Division, it appears that an administrative oversight by that office allowed the letter to be dispatched without being dated.

2. The reason appellant returned to Fort Bragg is not evident in the record, which does not include any order terminating his excess leave status. Thus, this court has been left to speculate whether appellant returned pursuant to a phone call from his defense counsel or a representative of the government, or whether he returned because of a written order directing his return. We urge those responsible for the administration of military justice to include such written orders in the allied papers of the record of trial if the order has not been marked as an exhibit at trial.

3. Both sides also agree that notification to the Commander, XVIII Airborne Corps, constituted notification to the general courts-martial convening authority, and that the subsequent transfer of the case to the 82d Airborne Division did not restart the speedy trial clock.

4. R.C.M. 707(b)(1) provides that "[t]he date on which the accused is notified of the preferral of charges ... shall not count for the purpose of computing the time under subsection (a) of this

rule. The date on which the accused is brought to trial shall count."

5. Appellate Exhibit IV, which we choose to characterize as "trial counsel's chronology" as it was not stipulated to by appellant and his defense counsel, reflects, *inter alia*, the trial date was moved from 7 July 1986 to 10 July 1986, and again from 10 July to 11 July. Although the military judge examined this exhibit, he asked no questions concerning it, and neither trial counsel nor defense counsel offered any explanation of the changes in the trial date. The record also does not re-reflect whether appellant asked for some delay in terminating his excess leave status to, for example, complete personal arrangements or civilian job requirements. Although this court could perhaps order a limited hearing under *United States v. DuBay*, 37 C.M.R. 411 (C.M.A.1967), to determine whether any defense-requested delay exists in this case, *cf. United States v. Lucy*, 6 M.J. 265 (C.M.A.1979) (*DuBay* proceeding to determine cause of delay in post-trial review), we choose not to do so in view of the following cautionary language of our higher court in *United States v. Burris*, 21 M.J. 140, 145 (C.M.A.1985), another speedy trial case: "The Government failed to establish a proper record, and it is not for appellate courts to launch a rescue mission."

court-martial ..., the procedure shall be the same as in an original trial except as otherwise provided in this rule" [no exceptions apply in this case]. R.C.M. 707(a) states an accused "shall be brought to trial within 120 days after ..." notice to him/her of preferral of charges. Citing this latter provision, the government argues that the date of the "preferral" of the Charge following appellate reversal of a conviction is the date upon which to base the government's accountability under the 120–day speedy trial rule. Alternatively, the government argues that the date appellant is notified of the convening authority's decision to hold a rehearing should commence the running of the 120–day speedy trial clock, calling to this court's attention the decision in *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Appellant argues the applicability of *United States v. Flint*, 1 M.J. 428 (C.M.A.1976), in which the Court of Military Appeals held that, for individuals in confinement, the rehearing following appellate reversal of a conviction must be held within 90 days [6] of the date the convening authority is notified of the final decision authorizing a rehearing. Relying upon *Flint* and R.C.M. 707(a), appellant urges the date of notification to the convening authority as the trigger date for the government's accountability to bring a non-confined individual to trial within 120 days after appellate reversal of a conviction. We adopt appellant's argument as being more soundly based in law and reason.

**6.** *United States v. Burton*, 44 C.M.R. 166 (C.M.A.1971), established a 90–day speedy trial rule for soldiers in pretrial confinement. *Compare Burton* and *United States v. Harvey*, 23 M.J. 280 (C.M.A.1986) (summary disposition), *with United States v. Durr*, 21 M.J. 576, 577 n. 2 (A.C.M.R.1985) and R.C.M. 707(d) [possible extension of the 90–day period to 100 days].

**7.** We note the Charge was originally preferred against appellant on 20 February 1985 and he was informed of this Charge on the same date.

**8.** Were we to hold that appellate reversal of a conviction results in an automatic dismissal of charges, requiring "preferral" of the charges before any rehearing, we could create a statute of limitation problem under UCMJ art. 43, 10

■ This court has never held that appellate reversal of a conviction results in a *per se* dismissal of the charges.[7] If this court dismisses charges, we specifically state that dismissal in an order or opinion. UCMJ art. 66(d), 10 U.S.C. § 866(d). If we do not dismiss charges in an order or opinion setting aside a conviction, but rather authorize a rehearing on those charges, the original preferral date survives and governs, and there is no need to again "prefer" charges under UCMJ art. 30, 10 U.S.C. § 830 and R.C.M. 307(b).[8] Accordingly, inasmuch as the Charge was not dismissed when this court authorized a rehearing, the second "preferral" of the Charge on 16 May 1986 was a non-essential surplusage, and the date "16 May 1986" is unimportant for speedy trial purposes.

■ With respect to the government's alternative contention that the date a non-confined appellant is notified of the convening authority's decision to hold a rehearing should be the speedy trial "trigger" date, we find instructive the following language from *Klopfer v. North Carolina*, 386 U.S. at 219–21, 87 S.Ct. at 991–92:

The North Carolina Supreme Court's conclusion—that the right to a speedy trial does not afford affirmative protection against an unjustified postponement of trial for an accused discharged from custody—has been explicitly rejected by every other state court which has considered the question. That conclusion has also been implicitly rejected by the

U.S.C. § 843 in a particular case. Except for soldiers charged with desertion or absence without leave in time of war, aiding the enemy, mutiny, or murder, UCMJ art. 43(a), soldiers are, in general, UCMJ art. 43(d), (e), and (f), not liable to be tried by court-martial if the offense was committed more than two years, UCMJ art. 43(c), or three years, UCMJ art. 43(b), before the receipt of sworn [preferred] charges and specifications by the summary courts-martial convening authority. One need look no further than the Military Justice Reporter to determine that opinions are sometimes rendered by this court and our higher court more than two or three years after commission of an offense.

numerous courts which have held that a *nolle prossed* indictment may not be reinstated at a subsequent term.

We, too, believe that the position taken by the court below was erroneous. (Footnotes omitted.) To allow the government an indefinite period of time to decide whether to hold a rehearing after appellate reversal of the conviction of a non-confined individual, affording the accused his right to a speedy trial only after he is notified by the government of the convening authority's decision to retry him, would place too great a weapon in the hands of the government and too much of a burden on an accused, *see Klopfer v. North Carolina*, 386 U.S. at 221–22, 87 S.Ct. at 992–93,[9] to justify this court's departure from the date certain established by *United States v. Flint. See also Klopfer v. North Carolina*, 386 U.S. at 226–27, 87 S.Ct. at 995 (Justice Harlan, concurring in the result).

 Relying upon *United States v. Flint* and R.C.M. 707(a), we hold, for purposes of a rehearing under UCMJ art. 63, 10 U.S.C. § 863 following appellate reversal of the conviction of a non-confined individual,[10] the rehearing must be held within 120 days of the date the convening authority is notified of the final decision authorizing a rehearing.[11] As appellant was not retried until 121 days after such notification to the convening authority, he has been denied a speedy trial. Dismissal of the Charge is mandated by R.C.M. 707(e).

The findings of guilty and the sentence are set aside. The charges are dismissed.

Senior Judge DeFORD and Judge WILLIAMS concur.

**9.** We assume appellant was initially notified of the *possibility* of a rehearing by his appellate defense counsel, who undoubtedly notified (probably by telephone) appellant immediately after this court's 26 February 1986 decision authorizing a rehearing. *See generally*, R.C.M. 1202(b)(2).

**10.** Convening authorities are reminded of the decisions in *United States v. Mason*, 19 M.J. 274

(C.M.A.1985) (summary disposition), and *United States v. Smith*, 20 M.J. 528 (A.C.M.R.), *petition denied*, 21 M.J. 169 (C.M.A.1985), with respect to restriction tantamount to confinement.

**11.** The decision in *United States v. Giles*, 20 M.J. 937 (N.M.C.M.R.), *petition denied*, 21 M.J. 388 (C.M.A.1985), is inapplicable to this case as *Giles* dealt only with sentence rehearings.