**UNITED STATES, Appellee,**

v.

**Specialist Four Ariel RIVERA–BERR-IOS, 583–13–5335, United States Army, Appellant.**

**SPCM 18240.**

U.S. Army Court of Military Review.

19 May 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before DeFORD, WILLIAMS and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

This case is before the court for further review pursuant to Article 66, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. sec. 866 (1982 and Supp. II 1984), following completion of a new trial granted by The Judge Advocate General under the provisions of UCMJ art. 73, 10 U.S.C. sec. 873.[1]

Appellant contends he was denied a speedy trial because his new trial did not take place within the 120–day speedy trial limitation of Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 707(a). Appellant requests dismissal of the Charge and its Specification, citing R.C.M. 707(e).

On 7 March 1986, the convening authority was notified of The Judge Advocate General's decision granting appellant's petition for a new trial. The new trial commenced on 21 July 1986, which was 136 days after 7 March 1986. There is no evidence in the record of excludable delays under R.C.M. 707(c). Appellant was not subjected to any pretrial restraint following his return to a duty status.

As appellant's new trial did not begin until 136 days after notification to the convening authority of The Judge Advocate General's decision granting a new trial, appellant has been denied a speedy trial. *United States v. McFarlin*, 24 M.J. 631 (A.C.M.R., 1987). Dismissal of the Charge and Specification are mandated by R.C.M. 707(e).

The remaining issues personally asserted by appellant are without merit.

The findings of guilty and the sentence are set aside. The Charge and Specification are dismissed.

---

1. A previous decision of this court, *United States v. Rivera-Berrios,* SPCM 18240 (A.C.M.R. 21 Sep. 1983 unpub.), affirmed the findings and sentence. The petition for a new trial was granted on 21 February 1986.