**UNITED STATES, Appellee,**

v.

**Private E-2 Timothy F. MORENO, 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, United States Army, Appellant.**

**CM 446698.**

U.S. Army Court of Military Review.

18 June 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Stephen W. Bross, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before PAULEY, KUCERA and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

De GIULIO, Judge:

Appellant was tried by general court-martial composed of officers and enlisted members. Contrary to his pleas, he was found guilty of involuntary manslaughter,

---

unlawfully leaving the scene of an accident and reckless driving. He was sentenced to a bad-conduct discharge, confinement for one year, forfeiture of $400.00 pay per month for twelve months and reduction to Private E–1. On 7 October 1985, this court found that the court-martial lacked jurisdiction, set aside the findings and sentence and authorized an "other trial."[1] The letter returning the case to the convening authority was dated 31 October 1985. On 18, 19, and 20 June 1986, appellant was tried by general court-martial, the "other trial" authorized by this court. Pursuant to his plea of guilty, he was found guilty of negligent homicide only. He was sentenced to confinement for one year, forfeiture of $400.00 pay per month for twelve months and reduction to Private E–1. In compliance with a pretrial agreement, the convening authority approved confinement for 288 days and reduction to Private E–1.

At trial appellant moved to dismiss the charges because appellant was not tried within 120 days in violation of the speedy trial rules set forth in Rule for Courts-Martial 707(a). Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter cited as R.C.M.] 707(a).[2] The military judge ruled that R.C.M. 707 applied to this case but held that accountability for purposes of R.C.M. 707 began on the date appellant was notified of the "other trial." He found this date within the 120 days of R.C.M. 707(a) and denied the motion.

Appellant alleges that the military judge erred in ruling that appellant had not been denied a speedy trial. We agree with appellant.

 The United States Court of Military Appeals established the rule that accountability for *Burton*[3] speedy trial purposes in rehearing cases begins when the convening authority is notified of the decision of this court. *United States v. Flint,* 1 M.J. 428, 429 (C.M.A.1976). This court has applied the 120–day speedy trial rule of R.C.M. 707(a) and the accountability rule of *Flint* to a rehearing case where an appellant was not confined. *United States v. McFarlin,* 24 M.J. 631, 635 (A.C.M.R. 1987).[4] These rules have also been applied to a new trial. *United States v. Rivera-Berrios,* 24 M.J. 679, 679 (A.C.M.R. 1987). We see no valid reason to apply a different rule to "other trials." We hold that R.C.M. 707 applies to "other trials." In the case *sub judice* we find appellant was brought to trial 230 days the convening authority was notified of this court's decision, far in excess of the 120–day limitation of R.C.M. 707(a). We hold, therefore, appellant was denied a speedy trial.

Accordingly, the findings of guilty and the sentence are set aside. The Charge and its Specification are dismissed.

Senior Judge PAULEY and Judge KUCERA concur.

---

1. This court erroneously authorized a rehearing. Military law recognizes rehearings, new trials and "other trials." *See* R.C.M. 810. R.C.M. 810(e) defines "other trials" as another trial of a case in which the original proceedings were declared invalid because of lack of jurisdiction or failure of a charge to state an offense. This case is an "other trial."

2. R.C.M. 707(a) provides, "(a) *In general.* The accused shall be brought to trial within 120 days after the earlier of:

    (1) Notice to the accused of preferral of charges under R.C.M. 308; or
    (2) The imposition of restraint under R.C.M. 304(a)(2)–(4)."

3. *United States v. Burton,* 44 C.M.R. 166 (C.M.A. 1971).

4. In the case before us, the military judge was unaware of the *McFarlin* decision because *McFarlin* was decided after the "other trial."