UNITED STATES, Appellee,

v.

Private E2 Kenneth A. GONDA, 381–96–6525, United States Army, Appellant.

ACMR 8702503.

U.S. Army Court of Military Review.

3 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

KANE, Judge:

Pursuant to his pleas, the appellant was convicted of absence without leave and larceny (two specifications), violations of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1982) [hereinafter UCMJ]. The convening authority approved his sentence to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to Private E1.

On appeal, the appellant contends that he was denied the right to speedy trial and that the convening authority approved a sentence in excess of that provided for by pretrial agreement. We disagree.

I

The appellant was apprehended and placed into "pretrial confinement" on 26 August 1987 and remained there until the date of his trial. On 9 November 1987, he was tried and sentenced before a general court-martial to a bad-conduct discharge, confinement for one year, forfeiture of all

pay and allowances and reduction to Private E1. Between 9 November and 13 November, the government discovered that its recording equipment had malfunctioned; consequently, a verbatim transcript of the 9 November proceedings was an impossibility. On 13 November 1987, the commander of the local detention facility where the appellant was incarcerated was advised that the appellant's status should be changed to that of a pretrial confinee. On 23 November, the convening authority ordered a rehearing in accordance with Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(e) [hereinafter R.C.M.]. At an Article 39(a), UCMJ, session held that same day, the military judge was advised of the convening authority's order. At that time, the military judge asked the government what date they proposed for the rehearing. The trial counsel advised the military judge that:

> [N]ot knowing the nature of the forum that the defense is going to be requesting, the government would need at least a few days to gather a couple of witnesses if it were to be a not guilty plea.

The session was adjourned with the military judge advising, "So, not on the record, but sometime soon, both sides figure out what day they want to have the rehearing and let me know."

Although the record does not establish the parties' desires, a rehearing was convened on 8 December 1987. At the rehearing, the appellant moved to dismiss the charges on grounds that he had been denied the right to a speedy trial. He argued that he had been subject to pretrial confinement "for more than one hundred days" since 26 August. The military judge denied the appellant's motion ruling that appellant's period of pretrial confinement was severable into "two, separate things" and that "the times cannot be combined." When the appellant requested specific findings of fact, particularly with respect to whether the appellant had ever been sub-

ject to post-trial confinement, the military judge stated:

> No, I didn't say that—nor am I going to clarify anything, nor am I going to be boxed into a corner for any sort of appellate purposes. You've got my ruling, and that's all I'm going to say.

"Pretrial confinement" is "physical restraint, imposed by order of competent authority, depriving a person of freedom *pending disposition of offenses.*" R.C.M. 304(a)(4) and R.C.M. 305(a). Clearly, the appellant in the case at bar was subjected to pretrial restraint from 26 August through 9 November. The government's inability to assemble a verbatim record of trial does not render illegal or unlawful that portion of the sentence to confinement. *United States v. Randall,* 48 C.M. R. 215 (C.M.A.1974). *See also United States v. Lashley,* 14 M.J. 7 (C.M.A.1982). Clearly, the appellant was no longer subject to pretrial confinement on 9 November because he was no longer *pending* trial. Rather, he was in confinement pursuant to a lawful adjudication of confinement in a criminal case. It is equally clear, however, that the appellant's status reverted to that of a pretrial confinee on 13 November and that he remained in that status until 8 December, the date of the rehearing. Consequently, this appellant was in pretrial confinement for two separate and distinct periods, one of seventy-six days and one of twenty-seven days. The issue remains whether the period of post-trial confinement is merely excludable for the purposes of the *Burton* rule or whether it would "reset" the speedy trial "clock." [1]

As a general rule, any order for a new trial or a rehearing resets the speedy trial clock anew. *See, e.g., United States v. McFarlin,* 24 M.J. 631, 635 (A.C.M.R. 1987); *United States v. Rivera–Berrios,* 24 M.J. 679 (A.C.M.R.1987). This result is mandated by logic. The rule of *Burton* is intended to bring about the trial of an accused in pretrial confinement within ninety days; it is axiomatic that the appellant's

---

**1.** Trial counsel did not present any evidence or argument for exclusion of any other periods of delay.

right to a speedy trial had been satisfied. Additionally, if an accused has been tried within the limits prescribed by *Burton* but unforeseen circumstances require a new trial or a rehearing, computing the time spent in pretrial confinement prior to the initial trial when determining whether the appellant's second trial satisfies the *Burton* requirement would create an oppressive standard of speedy trial not contemplated by the court in *Burton*. In short, aggregating the periods of confinement in such an instance would create a whole new speedy trial rule which could require the government to proceed to trial within a period of time substantially less than ninety days. Accordingly, we find that the appellant's right to speedy trial under the *Burton* rule was not violated.

## II

■ The pretrial agreement in the case at bar includes the following provision for sentence limitation:

> [T]he sentence approved by the Convening Authority will not exceed confinement for twelve months, a Bad Conduct Discharge, total forfeiture of pay and allowances for twelve months, and reduction to E-1. Any confinement or forfeitures approved in excess of seven months shall be suspended by the Convening Authority for a period of one year.

The appellant contends that his sentence as approved by the convening authority (confinement for six months and total forfeitures) exceeds this sentence limitation. We disagree.

Both the appellant and government appear to premise their respective positions on the belief that a sentence which includes, *inter alia,* total forfeitures without specifying a duration therefor would allow those forfeitures to continue for an unspecified duration including, although in a reduced dollar amount, any post-confinement term of service. It is clear to this court that lawful total forfeitures for an unspecified period are limited to the period of adjudged and approved confinement or lawful termination thereof whichever occurs first. Department of Defense Pay and Allowances Entitlements Manual, 25 November 1987, para. 70508d ("A member under sentence to ... total forfeiture, and confinement, released from confinement, is entitled to pay and allowances from the date restored to duty"). *See also United States v. Warner*, 25 M.J. 64 (C.M.A.1987); *United ed States v. Hicks*, 26 M.J. 935 (A.C.M.R. 1988). Accordingly, the approved sentence did not exceed the pretrial agreement. Nevertheless, we will clarify appellant's sentence to insure that he will not be required to forfeit all pay and allowances during any period in which he is not in confinement.

We have considered those matters personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances for six months, and reduction to Private E1.

Senior Judge DeFORD and Judge WERNER concur.