**UNITED STATES**

v.

**Captain Spencer D. WALES, 543–58–5123 United States Air Force.**

**ACM 27300 (reh).**

U.S. Air Force Court of Military Review.

Sentence Adjudged Upon Rehearing 18 Sept. 1991.

Decided 7 July 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Captain Ursula P. Moul.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Jeffrey C. Lindquist, Major John H. Kongable, and Captain Carlos L. McDade.

Before DIXON, PRATT, and McLAUTHLIN, Appellate Military Judges.

UPON REHEARING

PER CURIAM:

This case is before us on further review. On 18 June 1988, Captain Wales was convicted by a general court-martial consisting of members of adultery and two specifications of fraternization, in violation of Articles 133 and 134, UCMJ, 10 U.S.C. §§ 933, 934. The approved sentence was a dismissal.

On 29 September 1989, this Court affirmed the findings of guilty and the sentence. *United States v. Wales*, 29 M.J. 586, (A.F.C.M.R.1989). On 28 September 1990, the Court of Military Appeals set aside the findings of guilty on the two specifications of the charge of fraternization, and dismissed them. *United States v. Wales*, 31 M.J. 301 (C.M.A.1990). Upon remand to this Court, in lieu of sentence reassessment, we chose on 4 February 1991 to order a rehearing on sentence.

At a rehearing held on 17 and 18 September 1991, a military judge sitting alone again sentenced Captain Wales to a dismissal. Appellant has assigned two errors. First, he contends that the military judge erred by failing to grant a motion to dismiss based upon the denial of his right to a speedy trial. In that regard, appellant notes that the hearing was not held within 120 days from the date the convening authority was notified that a rehearing on sentence would be required. Next, he asserts that the sentence imposed at the rehearing is unduly severe.

■ We find no merit in either of the two issues raised by appellant. In his essential findings of fact, the military judge found no prejudice to appellant due to the lapse of 161 days between the date the convening authority was notified to hold a rehearing and the date of the rehearing. We agree. Like the military judge, we specifically reject appellant's contention that the 120–day speedy trial rule under R.C.M. 707(a) was applicable to the rehear-

502

ing on sentence.* *See United States v. Giles*, 20 M.J. 937 (N.M.C.M.R.1985).

 Having examined the record of the rehearing on sentence, the assignment of errors, and the government's reply, we conclude that the resulting sentence is correct in law and fact, that the sentence is appropriate, and that no error prejudicial to the substantial rights of the appellant was committed. Accordingly, the approved sentence is

AFFIRMED.

---

\* This rehearing occurred prior to the effective date of Change 5 to the Manual for Courts-Martial United States 1984. Change 5 contains a new provision on rehearings. R.C.M. 707(b)(3)(D) now reads as follows:

*Rehearings.* If a rehearing is ordered or authorized by an appellate court, a new 120–day time period under this rule shall begin on the date that the responsible convening authority receives the record of trial and the opinion authorizing or directing a rehearing.

However, we do not believe this change, even if it had been in effect, would have dictated a different result in this case. We are not per-

suaded that R.C.M. 707(b)(3)(D) applies to rehearings on sentence. R.C.M. 707 prescribes how soon an accused must be brought to trial. Under R.C.M. 707(b)(1), an accused is "brought to trial" at the time of arraignment. Since a sentence rehearing occurs after arraignment, logic suggests that the speedy trial rule no longer applies. Similarly, the remedy for a failure to comply with the rule is dismissal of the affected charges. R.C.M. 707(d). In rehearings on sentence, the accused already stands convicted and is no longer under charges. Accordingly, we would read R.C.M. 707(b)(3)(D) as applying only to rehearings on findings.