UNITED STATES, Appellee,

v.

Sergeant First Class William J. PHILLIPS, United States Army, Appellant.

ARMY 9501353.

U.S. Army Court of Criminal Appeals.

2 Sept. 1999.

For Appellant: Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Leslie A. Nepper, JA; Captain Paul J. Perrone, Jr., JA (on brief).

For Appellee: Lieutenant Colonel Eugene R. Milhizer, JA; Major Patricia A. Ham, JA; Captain Daniel G. Brookhart, JA (on brief); Colonel Russell S. Estey, JA.

Before CAIRNS, Senior Judge, KAPLAN, and VOWELL, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

KAPLAN, Judge:

### HISTORY OF THE CASE

A general court-martial composed of officer and enlisted members convicted the

appellant on 12 July 1995, after a fully contested trial on the merits, of assault consummated by a battery on his son, a child under the age of sixteen, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for two years, and reduction to Private E1.

The case came before this court in due course for automatic review pursuant to Article 66, UCMJ. We determined that the appellant was entitled to a rehearing on sentence because the military judge had improperly permitted the trial counsel to present inadmissible evidence of the appellant's "future dangerousness" during the sentencing portion of the trial. On 5 February 1997, we affirmed the findings of guilty, set aside the sentence, and authorized a rehearing on the sentence.

At a rehearing on sentence conducted at Fort Carson, Colorado, on 14 August 1998, the appellant was sentenced to a bad-conduct discharge, confinement for eighteen months, and reduction to Private E1. The convening authority approved the adjudged sentence and ordered 168 days' confinement credit pursuant to a ruling of the military judge that the appellant had been subjected to improper punishment in violation of Article 13, UCMJ, prior to the sentence rehearing. The case is before us for further review pursuant to Article 66, UCMJ.

### DISCUSSION

The appellant has assigned as error for our consideration in this further review that he was deprived of his right to a "speedy trial" insofar as his sentence rehearing is concerned. The appellant points out that over eighteen months passed from the date we set aside the original sentence on 5 February 1997, until his sentence rehearing concluded on 14 August 1998. He claims that this extraordinarily dilatory handling of his case constituted a violation of both Rule for

Courts–Martial 707(b)(3)(D) [hereinafter R.C.M.] and the Sixth Amendment to the United States Constitution. As discussed below, we find that the appellant is entitled to no relief based on the reasons asserted in this appeal.

■ After thorough review and consideration, we hold that R.C.M. 707 does not apply to a rehearing on sentence directed by an appellate court. We reach this conclusion after analyzing the decisions of our sister service courts of criminal appeals in *United States v. Olinger*, 45 M.J. 644 (N.M.Ct.Crim. App.1997), and *United States v. Wales*, 35 M.J. 501 (A.F.C.M.R.), *pet. denied*, 37 M.J. 76 (C.M.A.1992). We agree with the Navy–Marine Corps Court's conclusion in *Olinger*, 45 M.J. at 649, that there is no "express arraignment at a rehearing on sentencing only," and we are "not inclined to hold that any particular event occurring either before or during a sentencing only rehearing is, as a matter of law, the equivalent of arraignment for R.C.M. 707 purposes." Thus, if the R.C.M. 707 rules were applicable in a sentence rehearing case, there would be no way to stop the running of the speedy trial clock. Moreover, the only relief specified in R.C.M. 707 for a violation of that rule is dismissal of the charges. We again agree with our sister court's opinion in *Olinger*, 45 M.J. at 649, that such a remedy "at a sentencing-only rehearing would seem to be excessive, as the only issue before that rehearing court-martial is sentencing."

We also agree with the Air Force Court's logic in *Wales*, 35 M.J. at 502. Rule for Courts–Martial 707 is intended to prescribe how quickly an accused must be brought to trial, and R.C.M. 707(b)(1) recognizes that an accused is "brought to trial" when he or she is arraigned. As our Air Force brethren correctly recognized, because a sentence rehearing occurs after arraignment has been completed, "logic suggests that the speedy trial rule no longer applies." *Wales*, 35 M.J. at 502. Accordingly, we find that the 120–day speedy trial rule established by R.C.M.

---

1. Although originally charged with aggravated assault, the appellant was convicted of the lesser included offense of assault consummated by a battery on a child by using excessive force in disciplining his fourteen year-old son; he whipped his son with a six-foot length of stereo cord leaving serious bruises and welts on the child's arm, neck, and back.

707(b)(3)(D) does not apply to a rehearing on sentence only, ordered or authorized by an appellate court. Thus, we reject the appellant's assertion of entitlement to relief based on a violation of R.C.M. 707.

█ Similarly, we find the appellant's claim that he has been deprived of his Sixth Amendment right to a speedy trial to be lacking in merit. A claim that a defendant has been denied his right to a speedy trial is determined by the application of "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four factors to be balanced are: (1) the length of the delay, (2) the reasons for the delay, (3) any assertion by the appellant of his right to a speedy trial, and (4) any prejudice to the appellant caused by the delay. *Wingo,* 407 U.S. at 530, 92 S.Ct. 2182.

█ There is no dispute that the appellant's sentence rehearing was delayed over a year (February 1997–August 1998) because the case was inadvertently and unintentionally misplaced in the staff judge advocate's office due to a reorganization. These facts weigh marginally in the appellant's favor. However, during the period from December 1996, when he completed his confinement, until March 1998, when he was recalled to active duty, the appellant was in an excess leave status from the Army and was free to pursue his own interests. Moreover, the record fails to establish that the appellant made any attempt to assert his right to a speedy trial either during the period after his sentence was set aside until he was recalled to active duty, or during the several months after he was recalled to active duty and while he awaited his sentence rehearing. In addition, the appellant has failed to show any prejudice *caused by the delay in his sentence rehearing.* Rather, the only prejudice he has shown is the fact that he lost tuition money because he had to withdraw early from a vocational training program as the result of official orders directing him to report back to

active duty in March 1998. Although it may be true that the appellant would not have spent this money had he been called back for his rehearing at an earlier date, it is equally true that he embarked on this training program in early 1998 with full knowledge that this court had set aside his sentence in February 1997 and had authorized a sentence rehearing, and that he was subject to recall to active duty for the purpose of such a sentence rehearing. He could have undertaken this training program earlier or later. Under these circumstances, we find minimal prejudice to the appellant. Applying the balancing test of *Wingo,* we conclude that the appellant has failed to establish that he was deprived of the asserted constitutional right to a speedy trial.

█ One further matter deserves brief comment. The appellant was subjected to unlawful punishment during the period between the setting aside of his original sentence and the imposition of the current sentence. The military judge found that during this period of time the appellant, who was a sergeant first class (E7), was not issued any military uniforms and was assigned duties and was treated as a private (E1). The military judge ordered, and the convening authority approved, 168 days' confinement credit for this Article 13, UCMJ, violation. The appellant had served all of the confinement adjudged at his first trial, less time off for good behavior.[2] Thus, at the conclusion of the sentence rehearing, he was not required to serve any further confinement to satisfy the confinement sentence adjudged therein. As a result, the appellant could not receive the direct benefit of having to actually serve 168 days less confinement based on the credit ordered by the military judge for the Article 13 violation. Any excess days of confinement served beyond the number the appellant would have been required to serve as a result of the rehearing sentence cannot be restored, but the appellant is entitled to alternative relief in the form of monetary

---

**2.** The record indicates that the appellant served approximately seventeen months' confinement of the two years adjudged (July 12, 1995, the date the court-martial adjourned, until mid-December

1996, when appellant received clemency in the form of an early release from confinement, commonly referred to as a "Christmas drop").

remuneration, or otherwise, under applicable law and regulation.

### DECISION

The finding of guilty affirmed on 5 February 1997 remains in effect. The sentence adjudged at the sentence rehearing and approved by the convening authority is affirmed.

Senior Judge CAIRNS and Judge VOWELL concur.